DA 10-0335

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 276N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DALE PLOYHAR,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 09-54
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Allen Beck, Attorney at Law, Lewistown, Montana

    For Appellee:

      Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs:  December 1, 2010

Decided:  December 21, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Dale Ployhar (Ployhar) appeals from the District Court's order of abatement that required him to give up hundreds of feral dogs that he had kept on his rural property and had allowed to run free on neighboring properties. We affirm.

¶3 The State filed a complaint for abatement of a public nuisance on May 27, 2009. On that same day, the State filed a motion for an order granting leave to file an information charging Ployhar with felony criminal endangerment, misdemeanor negligent endangerment, and misdemeanor public nuisance. Both causes of action arose from Ployhar's harboring of feral dogs. The District Court granted leave to the State to file the information on May 28, 2009. The District Court approved a deferred prosecution agreement on December 21, 2009.

¶4 Among other matters, the deferred prosecution agreement required Ployhar to keep no more than four dogs at his residence; to spay or neuter all dogs in his possession within thirty days; to allow, with reasonable notice, the Fergus County undersheriff to enter Ployhar's property at least once per month and as often as every ten days for the limited purpose of insuring compliance with this agreement; and to help eliminate any feral or wild dogs that may be at large near his property.

¶5     The complaint for abatement of public nuisance proceeded. Ployhar signed a confession of judgment just before trial in which he admitted that he has harbored dogs which have been a public nuisance in the area of Gold Hill and the Judith Mountains, Fergus County, Montana. The court held a hearing at which time it afforded the parties an opportunity to argue for the specific nature of the court's judgment. The court's order of abatement required Ployhar to remove all dogs but one from his premises, to remove all animal bones, meat, or refuse in the piles that he used to feed the dogs, to post a $10,000 bond to insure compliance, and to spay or neuter the one companion dog that the court allowed Ployhar to keep. Ployhar appeals.

¶6     Ployhar argues that § 45-8-112(4), MCA, does not authorize the specific remedies contained in the court's order of abatement. Ployhar contends that the statute authorizes the court, in an interim order of abatement, either to confiscate fixtures, close the premises for a period not to exceed one year, require the posting of a bond, or a combination of all three. Ployhar points out that the District Court did not close the premises as Ployhar did not own the property on which he kept the dogs. His son owned the property. Ployhar further contends that the court's order of abatement constitutes an illegal prospective injunction. Ployhar points to the confession of judgment that he entered in the order of abatement case. He argues that the confession of judgment authorizes "an appropriate judgment" to prevent any nuisance from arising in the future. Ployhar contends that the prospective relief authorized by the court is not supported by statute and therefore does not constitute "an appropriate judgment."

¶7    A district court's interpretation and application of a statute presents a conclusion of law. *Hulstine v. Lennox Indus.*, 2010 MT 180, ¶ 16, 357 Mont. 228, 237 P.3d 1277.  We review a district court's conclusions of law to determine whether those conclusions are correct. *Id*.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the District Court did not abuse its discretion in issuing its order of abatement and that the District Court correctly applied the law.

¶8    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON